UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80059-CIV-MARRA

MARK OSGOOD,

      Plaintiff,

vs.

DISCOUNT AUTO PARTS, LLC, a foreign
corporation, and ART HELLMERS, individually,

      Defendants.

_____/

## OPINION AND ORDER

This cause comes before the Court upon Plaintiff's Motion to Amend the Amended

Complaint to Add an Additional Party Pursuant to Rule 15 of the Federal Rules of Civil Procedure.

(DE 37). The motion is briefed and ripe for review. The Court has reviewed the briefs and the record,

and is otherwise advised in the premises.

## BACKGROUND

This case arises out of a slip and fall in an automobile parts store on January 27, 2012.

Plaintiff Mark Osgood ("Plaintiff") filed suit in state court on December 11, 2012, and the Defendant

automobile parts store removed the case based on diversity of citizenship on January 18, 2013. (DE

1).[1] Plaintiff is a Florida citizen; the Defendant automobile parts store and Defendant Hellmers, the

---

[1] Advance Auto Parts was initially the defendant automobile parts store in this action, but it has been
replaced by Discount Auto Parts. (DE 21). The distinction is irrelevant for purposes of this motion: both stores are
non-Florida citizens for purposes of diversity of citizenship; the disposition of this motion turns on whether Plaintiff,
a Florida citizen, may amend his complaint to add a Florida citizen defendant (thereby defeating diversity).

manager of the auto parts store, are non-Florida citizens.

_____Plaintiff now moves to amend its complaint claiming only that discovery has confirmed that an employee of the auto parts store was working at the time of the slip and fall "and was actively negligent is [sic] causing Plaintiff's injuries." (DE 37). The employee is a Florida citizen. The Defendant auto parts store claims that Plaintiff's motion is an attempt to defeat diversity jurisdiction by adding an unnecessary non-diverse defendant who had no role in the accident.

## DISCUSSION

As this Court has recently held,

> [p]ursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). A district court faced with the issue of whether to permit or deny the joinder of a non-diverse party has two options: (1) deny joinder or (2) permit joinder and remand the case to state court. *Ingram v. CSX Transportation, Inc.*, 146 F.3d 858, 862 (11th Cir.1998). The decision is committed to the sound discretion of the district court. *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999); *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987);[2] *Seropian v. Wachovia Bank, N.A.*, No. 10-80397-CIV, 2010 WL 2822195, at *2 (S.D. Fla. July 16, 2010).

> Because the Court's decision will determine the continuance of jurisdiction, the addition of a non-diverse party should not be permitted without consideration of the original defendant's interest in the choice of the federal forum. *Hensgens*, 833 F.2d at 1182. Hence, the district court should scrutinize a motion to amend to join a non-diverse party more closely than a motion to amend under Rule 15 of the Federal Rules of Civil Procedure, *id.*; *see Kleopa v. Prudential Inv. Management, Inc.*, No. 08-81386-CIV, 2009 WL 2242606, at * 2 (S.D. Fla. 2009), and should deny leave to amend unless strong equities support the amendment. *Smith v. White Consol. Industries, Inc.*, 229 F. Supp. 2d 1275, 1281 (N.D. Ala. 2002).

> The Court notes that, "[i]n balancing the equities, the parties do not start out on an equal footing." *Sexton v. G & K Services, Inc.*, 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999). This is because of the diverse defendant's right to choose between

---

[2] Although *Hensgens* was decided before the enactment of § 1447(e), the factors outlined therein continue to guide district courts in deciding whether to permit or deny joinder in removal cases.

a state or federal forum. *Bevels v. American States Ins. Co.*, 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000). Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes. *Id.* (citing *Hensgens*, 833 F.2d at 1181). Just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to and litigate in federal court when diversity of citizenship does exist. *Id.*

   In deciding whether to permit or deny joinder, the district court must balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. *Hensgens*, 833 F.2d at 1182.  In applying this balancing test, the district court should consider:  (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities.  *Id.*; *Mayes*, 198 F.3d at 462; *Duckworth v. State Farm Mutual Auto Ins. Co.*, No. 6:07-cv-2014-Orl-22DAB, 2008 WL 495380, at *1 (M.D. Fla. Feb. 20, 2008); *Portis v. Wal-Mart Stores, Inc.*, No. 07-0557-WS-C, 2007 WL 3086011, at *3 (S.D. Ala. Oct. 19, 2007); *Jones v.  Rent-A-Center East, Inc.*, 356 F. Supp. 2d 1273, 1275 (M.D. Ala. 2005).

*Small v. Ford Motor Co.*, __ F. Supp. 2d __, No. 12-80841-CIV, 2013 WL 543340, at *1–*2 (S.D. Fla. Feb. 14, 2013).

   Here, the timing and substance of the proposed amendment strongly supports a finding that Plaintiff's motivation is to destroy diversity jurisdiction. Notwithstanding Plaintiff's assertion that he has always intended to sue the employee for his part in causing the accident (DE 44 at 2), Plaintiff fails to explain adequately why he waited until May of 2013 to try to add the employee as a defendant when Plaintiff was aware of the employee's first name on the day of the accident—January 27, 2012. (DE 8, Attach. 2 ¶ 4: Aff. of Mark Osgood). To be sure, Plaintiff claims that "[u]ntil now, [Plaintiff] lacked sufficient information to [add the employee as a defendant] as [Plaintiff] had neither [the employee's] full name nor his address." (DE 44 at 2). But Plaintiff likely could have ascertained the identity of the employee earlier than he did, and Plaintiff's failure to do so supports the Court's conclusion that the purpose of this proposed amendment is nothing more than an attempt

3

to defeat diversity.

Plaintiff's counsel's pre-removal offer to the Defendant store is particularly telling: before the citizenship of the store manager was clear, Plaintiff's counsel offered to drop him as a defendant in the suit and to not add other employees as defendants in exchange for the stores' agreement to not remove the case to federal court. (DE 43, Attach. 2). This proposal confirms both that Plaintiff's counsel sought to avoid removal and that he did not believe other employees were necessary for Plaintiff's complete relief.

Next, the Court finds that Plaintiff will not be significantly prejudiced if this amendment is not allowed. There has been no showing by Plaintiff that he will not be able to obtain full relief on his claims in this Court without the presence of the employee as a defendant. Plaintiff can obtain a judgment against the Defendant store without the presence of the employee; discovery will allow Plaintiff access to the same information with or without the employee in this case; there has been no suggestion that the Defendant store would be unable to satisfy a judgment; Defendant Hellmers (the store manager) is already a party to this suit and is alleged to have engaged in the same negligent conduct; and Plaintiff is free to sue the employee in state court should he wish to do so. *See Small*, 2013 WL 543340, at *3; *see also Seropian*, 2010 WL 2822195, at *4 (citing *Bevels v. American States Ins. Co.*, 100 F. Supp. 2d 1309, 1314 (M.D. Ala. 2000); *Sexton v. G & K Servs., Inc.*, 51 F. Supp. 2d 1311, 1314 (M.D. Ala. 1999)).

The Court notes that parallel lawsuits may cause Plaintiff to bear additional costs and time and does not serve the purpose of judicial economy. *See Small*, 2013 WL 543340, at *3; *see also Seropian*, 2010 WL 2822195 at *5 (citing *Godwin v. Nat'l Union Fire Ins. Co. of Pittsburgh, Inc.*, No. 2:05CV783-SRW (WO), 2006 WL 3924795, at *3 (M.D. Ala. 2006) (noting "the danger of

4

parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources")). Nonetheless, the Court concludes that the balance of the equities weighs against allowing the amendment. The likelihood that Plaintiff will actually pursue a claim in state court against the employee is remote given that the Defendant store appears to be a fully solvent defendant.

In sum, by applying the *Hensgens* factors relevant to a district court's exercise of discretion under 28 U.S.C. § 1447(e), the Court concludes that the factors militate against allowing Plaintiff to amend the Complaint to destroy complete diversity. The purpose of Plaintiff's motion is to defeat diversity jurisdiction, Plaintiff has been dilatory in seeking to add the employee as a defendant, and Plaintiff will not be significantly injured if amendment is not allowed.

**CONCLUSION**

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Amend the Amended Complaint to Add an Additional Party Pursuant to Rule 15 of the Federal Rules of Civil Procedure. (DE 37) is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 24th day of July, 2013.

KENNETH A. MARRA
United States District Judge